Dear Mr. Sutherland:
I am in receipt of your request for an Attorney General's opinion concerning the Caddo Educational Excellence Fund established by LSA-R.S.17:408.1. You have indicated that the office of the Legislative Auditor for the State of Louisiana audited the Caddo Educational Excellence Fund and among its findings and recommendations contained in the audit are the following concerns:
 (1) the school board's transfer of Caddo Educational Fund earnings to individual schools "may" violate the provisions of state law [particularly, R.S. 17:414.3 (A) and R.S. 17:408.1
(C)]; and (2) certain expenditures made by the schools are not authorized by the legislation creating the fund in that they do not constitute "instructional enhancements" specified in R.S 17:408.1(C).
You have also indicated that:
 [T]he legislative auditor has suggested that the school board should either request an opinion from the Louisiana Attorney General on the current disbursement procedure or centralize the fund earnings disbursement function at the school board level. The school board believes the fund earnings disbursement method currently utilized and the questioned expenditures thereof are consistent with the legislation creating the fund and therefore respectfully request an opinion from the Louisiana Attorney General on each of these two issues.
The Legislative Auditor's report states the following specific conclusions concerning these two issues. The specific findings and recommendations are as follows:
 CEEF Earnings Transferred to Individual Schools
 The school board's transfer of CEEF earnings to the individual schools may violate state laws. R.S. 17:414.3(A) provides that money received from the state, city, or parish school system for support of the regular instructional program should not be included in the individual schools' funds. In addition, R.S. 17:408.1(C) requires all money withdrawn from the CEEF to be expended by the Caddo Parish School Board.
 Annually, the school board transfers the CEEF investment earnings to the individual schools. The individual schools deposit the monies into their school fund account, disburse the monies, and maintain the supporting documentation.
 The school board's current method of transferring CEEF earnings to individual schools for disbursement appears to contradict state laws. Therefore, the school board should consider either requesting a legal opinion from the Louisiana Attorney General or centralizing the CEEF disbursement function at the school board level.
 Fund Expenditures
 Certain Caddo Parish schools disbursed CEEF monies in violation of state law. R.S. 17:408.1(C) requires earnings from the fund to be disbursed only for the purposes of instructional enhancement. The law provides that such enhancement includes (1) materials and supplies, including computers and technological upgrades; (2) training for students, faculty, and administrators on the use of materials; (3) professional development of teachers; and (4) establishment of exemplary programs of instruction. In addition, the law prohibits costs for additional administrators, increases in salaries or benefits of employees, or maintenance or custodial costs.
 We reviewed the supporting documentation for CEEF expenditures made by eight of the 74 (10%) Caddo Parish schools for the period July 1, 1998, through December 31, 1999. We found that five of the schools expended CEEF monies in violation of state law. The following provides details of those expenditures violating state law:
 * * *
Expenditures for (1) copier rental/maintenance costs; (2) the purchase of copiers; (3) overhead projection bulbs; and (4) security system equipment and installation costs are not for the purposes of instructional enhancement.
 The expenditures made in violation of law, by individual schools, emphasize the need for stronger controls over CEEF monies. The school board should implement stronger controls over CEEF monies by centralizing the disbursement functions at the school board level, as mentioned in the previous finding.
 Detailed Information for CEEF Not Adequately Reported
 Detailed information relating to the collection, investment and individual schools' specific expenditures made are not adequately reported. R.S. 17:408.1 provides for the collection, investment, and disbursement of CEEF monies by the school board. Therefore, the school board has a fiduciary responsibility to properly report specifically how the funds are being administered.
 Although the CEEF is reported as a nonexpendable trust fund in the school board's Comprehensive Annual Financial Report (CAFR), there is inadequate disclosure as to the individual schools' specific expenditures made (e.g., Fair Park High School — three Dell Computers $3,125, etc.). Also, disclosures do not include specific information relating to the collection of the gaming fees (e.g., Harrah's — $800,000, etc.). In addition, disclosures do not include specific information relating to the investment of the CEEF principal (e.g., $3,000,000 Federal Home Loan Bank, etc).
 The school board should provide detailed information relating to the collection, investment, and individual schools' specific expenditures made. This can be accomplished by expanding the note disclosure in the notes to the financial statements (CAFR), or including the information in a supplemental schedule in the CAFR, or by issuing a separate report.
The Caddo Educational Excellence Fund was created by LSA-R.S. 17:408.1. It provides the following:
 A. There is hereby established the Caddo Educational Excellence Fund, hereafter in this Section called the "fund", which shall be a permanent trust fund in the official repository of the Caddo Parish School Board, held and invested on behalf of the Caddo Parish School Board, the investment income of which may be withdrawn by the Caddo Parish School Board during January of each calendar year on its own warrant. All money thus withdrawn shall be expended only as authorized in Subsection C of this Section.
 B. Funds collected pursuant to R.S. 4:552(A) and allocated pursuant to R.S. 4:552(A)(2)(d) shall be periodically transferred to the official repository of the Caddo Parish School Board. The funds shall be invested in the same manner as monies in the state general fund are invested. Earnings on principal may also be invested. However, the amount of earnings shall be kept account of separately from fund principal and shall be available for the school board to withdraw as provided in this Section.
 C. All money withdrawn from the fund shall be expended by the Caddo Parish School Board solely for the purposes of instructional enhancement. Such enhancement may include: provision of materials and supplies, including computers and other technological upgrades; training for students, faculty, and administrators on the use of materials; professional development of teachers; establishment of exemplary programs of instruction. Such enhancement may not include costs of additional administrators, increases in salaries or benefits or employees, or maintenance or custodial costs. Audits of the Caddo Parish School Board by the legislative auditor shall specifically address compliance with the provisions of this Section.
Additionally, LSA-R.S. 17:414.3(A) provides the following:
 A. The principal of every public elementary and secondary school shall maintain a school fund as provided for in this Section for the management of any money which accrues to benefit his school. The money provided by the state or the city or parish school system for support of the regular instructional program or the school facility shall not be included in the school fund provided for in this Section; such money shall be managed as directed by the agency from which it is received.
In your first inquiry, you ask about whether the Caddo Parish School Board's transfer of Caddo Educational Fund earnings to individual schools "may" violate the provisions of state law [particularly, R.S. 17:414.3
and R.S. 17:408.1(C)]. R.S. 17:408.1(C) clearly states that:
 All money withdrawn from the fund shall be expended by the Caddo Parish
 School Board solely for the purpose of instructional enhancement.
Additionally, in 17:408.1(A), it states that:
 "[a]ll money thus withdrawn shall be expended only as authorized in Subsection C of this Section."
Also, LSA-R.S. 17:414.3(A) requires that monies provided for the regular instructional program or school facility shall not be included in the school fund.
Therefore, it is the opinion of our office that LSA-R.S. 17:408.1(C) requires the Caddo Parish School Board to expend the Caddo Educational Excellence Fund earnings instead of distributing the funds directly to the individual schools. It appears that this could be accomplished by requiring the schools to submit purchase requisitions to the School Board for their review, approval and payment.
In your second concern, you seek an opinion as to whether certain expenditures made by the schools are not authorized by the legislation creating the fund in that they do not constitute "instructional enhancements" specified in R.S. 17:408.1(C). The Legislative Auditor's office has determined that the expenditures for (1) copier rental/maintenance costs; (2) the purchase of copiers; (3) overhead projection bulbs; and (4) security system equipment and installation costs are not for the purpose of instructional enhancement.
In your request, you state that:
 It is the opinion of the school system that the purchase of overhead projection bulbs and copier purchase/rental and maintenance are directly related to enhancement of the educational programs in which they are used and are therefore appropriate expenditures under the state statute. We have however, suggested that the purchase and installation of the security system at a particular elementary school may not be an expenditure which should be paid out of earnings from the Caddo Educational Excellence Fund.
The phrase "instructional enhancement" is not defined by statute. It should, therefore, be given its generally prevailing meaning. La. C.C. Art. II. Appropriate expenditures would consequently include the purchase of anything that would reasonably enhance instruction. In other words, eligible expenditures would not include the purchase of items that would not reasonably benefit instruction. However, eligible expenditures would include the purchase of those things that would reasonably advance, augment or increase the instructional program and improve student learning.
Prior to approving payments from the fund, the school board might consider certain factors to identify expenditures that would enhance instruction. For example, is the request for expenditure supported by any research, justification or statement that would support the conclusion that it would benefit instruction or would result in improving student performance. Second, is the expenditure complete in one or several years, or does it obligate dollars from the CEEF on a continuing basis. Third, is the expenditure within any of the categories prohibited. Fourth, is the request for expenditure accompanied by any means of assessing its impact upon instructional enhancement or student performance. The above are only examples. The school board can develop its own, as long as they are consistent with law. Finally, the school board might desire to develop a review team.
Applying the above factors to the purchases at issue, it appears to this office that all the above expenditures could reasonably lead to enhanced instruction. Materials of instruction and computers are examples referenced in the legislation of permitted purchases. Copiers may be used by teachers to supply materials of instruction. An overhead projector may be used by a teacher to discuss the material projected. And certainly, learning may be improved when a safe and secure environment is provided for the children, and school equipment and facilities are protected from vandalism. This office is not inclined to confine expenditures to any technical categories or arcane classifications. In the end, the request for expenditure should be accompanied and supported by some justification, or statement or research that would reasonably lead to the conclusion that instruction would be enhanced and student performance will be improved.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _____________________________ BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc a:\00-373.op